UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELIC SMITH, ET AL.                               CIVIL ACTION

VERSUS                                              NO. 24-2613

JUAN ARTURO AVILA, ET AL.                           SECTION "A" (4)

## ORDER AND REASONS

Before the Court is a **Motion to Remand to State Court (Rec. Doc. 6)** filed by Plaintiffs Angelic Smith and Christopher Mack. The motion, set for submission on January 8, 2025, is before the Court on the briefs without oral argument. For the reasons set forth below, the motion is denied.

**I.   Background**

This is a personal injury action arising out of a vehicular collision.[1] On July 25, 2023, Mr. Christopher Mack ("Mack") was driving his 2008 Dodge Charger when he collided with a truck driven by Mr. Juan Avila ("Avila"), a defendant in this case.[2] As a result of the collision, Mack allegedly sustained severe bodily injuries.[3]

Less than a year later, Mack and his wife, Mrs. Angelic Smith ("Smith"), sued Avila, Avila's employer, and their insurers in state court seeking damages for, among other things, pain and suffering, mental anguish, permanent or disabling injuries, lost wages, lost labor and services, and loss of consortium.[4] The state court petition expressly states that Mrs. Smith's claims do not exceed an amount in controversy beyond $75,000.00,[5] but Mack later admitted in a discovery

---

[1] Rec. Doc. 6-1, at 2.

[2] *Id.*

[3] *Id.* at 3.

[4] *Id.*; Rec. Doc. 1-3, ¶¶ 11–12.

[5] Rec. Doc. 1-3, ¶ 15.

response that his claims are "in excess of the jurisdictional amount requisite for federal jurisdiction."[6] Shortly after Mack's admission, Defendants motioned to remove this case to federal court.[7]

Once the case was removed, Plaintiffs promptly filed the instant motion to remand. In it, they plainly state "there is no real dispute that the parties are completely diverse or that Mr. Mack's claims exceed $75,000,"[8] but they contend that, "under the clear and unambiguous provisions of [28 U.S.C. § 1367(b)], federal courts do not have supplemental jurisdiction over claims by plaintiffs against parties joined as defendants that do not exceed $75,000."[9] Accordingly, Plaintiffs

---

[6] Rec. Doc. 1-5, at 1.

[7] Rec. Doc. 1. A defendant may remove an action from state court to a federal district court if the latter has original jurisdiction. 28 U.S.C. § 1441(a). When, as is the case here, the plaintiff's complaint fails to specify an amount in controversy, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

District courts have two methods to determine whether the amount in controversy exceeds the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). First, removal is proper if it is facially apparent from the complaint that the claims are likely to exceed $75,000. *Id.* Second, if the amount in controversy is not facially apparent from the complaint, the removing party may support federal jurisdiction by proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* During this jurisdictional analysis, the court may consider "summary-judgment-type evidence." *Id.* at 1336.

Pursuant to 28 U.S.C. § 1446(b), "when an action is not initially removable, the defendant has 30 days after it receives a copy of 'other paper from which it may first be ascertained' that the case is or has become removable." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). "Other paper" requires a voluntary act of the plaintiff that converts a non-removable case into one that can be removed. *Id.*

Because the amount in controversy was not facially apparent in the instant case, Defendants attached discovery responses to their Notice of Removal. *See* Rec. Doc. 1-5. In the responses, Plaintiffs admit that Mr. Mack's claims exceed $75,000. *Id.* The responses are signed by Plaintiffs' counsel and as such are taken as true. Fed. R. Civ. P. 11. Accordingly, the Court finds that Plaintiffs' discovery responses are "other paper" as provided by 28 U.S.C. § 1446(b), and serve as sufficient evidence of an amount in controversy over $75,000. *See Freeman v. Witco Corp.*, 984 F. Supp. 443, 447 (E.D. La. 1997) (party's responses to Request for Admission constitute "other paper" under § 1446(b)). Defendants met their burden to demonstrate by a preponderance of the evidence that Plaintiffs seek damages in excess of $75,000, and therefore removal was proper.

[8] Rec. Doc. 6-1, at 2.

[9] *Id.*

posit that the Court cannot exercise supplemental jurisdiction over Mrs. Smith's claims, and thus, the matter must be remanded.[10] The Court disagrees.[11]

## II.  Legal Standard

In 1990, Congress passed the Judicial Improvements Act, which enacted 28 U.S.C. § 1367, the controlling provision in this case. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 556 (2005). Section 1367(a), which states in relevant part that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," is a broad grant of supplemental jurisdiction, so long as the action is one in which the district courts would have original jurisdiction. 28 U.S.C. § 1367(a). However, Section 1367(b) limits Section 1367(a) in the context of diversity cases by providing that "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

For fifteen years, the limitations set forth in Section 1367(b) were a point of great contention in the federal district courts and courts of appeal. *See, e.g.*, *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124, 132 (1st Cir. 2004) ("The courts of appeals are sharply divided over whether § 1367 allows parties who cannot themselves satisfy § 1332's amount-in-controversy requirement to sue in federal court by joining forces with a plaintiff who can."), *rev'd*, *Allapattah Servs.*, 545 U.S. at 546. The issue created by the text of Section 1367(b) presented itself to the

---

[10] *Id.*

[11] Plaintiffs urge the Court to follow the reasoning set forth in an unpublished case decided by a different court. This Court is not bound by the decision of another district court and, for the reasons discussed *infra*, declines to do so.

courts in two contexts: first, in cases involving the ordinary joinder of additional plaintiffs under Federal Rule of Civil Procedure 20; and second, in cases involving the claims of absent class members in diversity-only class actions. *Id.* (collecting cases representing each circuit split). Each context was ultimately addressed by the Supreme Court in *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), wherein the Court consolidated *Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248 (11th Cir. 2003), an Eleventh Circuit decision concerning Section 1367(b) in the context of class actions, with *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124 (1st Cir. 2004), a First Circuit decision concerning Section 1367(b) in the context of the ordinary joinder of additional plaintiffs under Rule 20.

In *Rosario Ortega*, the plaintiff was a young girl who suffered a significant injury to her finger while opening a can of tuna. 370 F.3d at 128–29. The lawsuit, which named Star-Kist Foods, Inc. and its unnamed insurers as defendants, comprised the young girl's personal injury claims as well as claims by her family members for damages based on their emotional distress and future medical expenses. *Id.* at 127. The district court originally granted summary judgment to Star-Kist, finding that none of the plaintiffs met the minimum amount in controversy requirement. *Id.* On appeal, the First Circuit ruled that the injured girl, but not her family members, made allegations of damages in the requisite amount. *Id.* Dissatisfied with the First Circuit ruling, the plaintiffs sought Supreme Court review, posing a single question:

> Whether, in a civil diversity action in which the claims of one plaintiff meet the amount-in-controversy threshold, 28 U.S.C. § 1367 authorizes the district courts to exercise supplemental jurisdiction over the related claims of additional plaintiffs who do not satisfy the amount-in-controversy requirement?

Petition for Writ of Certiorari at i, *Rosario Ortega v. Stark-Kist Foods, Inc.*, No. 04-79, 2004 WL 1607383 (2004).

The *Allapattah* Court answered "yes," 545 U.S. at 559, and explained that, while Section 1367(b) "withholds supplemental jurisdiction over the claims of plaintiffs proposed to be joined as indispensable parties under Federal Rule of Civil Procedure 19, or who seek to intervene pursuant to Rule 24," there is nothing in the text of Section 1367(b) that "withholds supplemental jurisdiction over the claims of plaintiffs permissively joined under Rule 20 (like the additional plaintiffs in [*Rosario Ortega*])." *Id.* at 560. Moreover, the Court emphasized that "[t]he natural, indeed the necessary inference is that § 1367 confers supplemental jurisdiction over Rule 20 and Rule 23 plaintiffs." *Id.* Accordingly, the Court reversed and remanded *Rosario Ortega* for proceedings consistent with its opinion. *Id.* at 572.

## III.   Analysis

The facts of the instant case are much like *Rosario Ortega*. First, the respective plaintiffs each suffered injuries and subsequently filed a lawsuit against the alleged responsible parties and their insurers.[12] Second, in both cases the injured plaintiff permissively joined[13] family members whose claims did not exceed the monetary threshold for diversity jurisdiction.[14] Third, like the court could independently exercise original jurisdiction over the claims of the young girl in *Rosario Ortega*, so too may the Court independently exercise original jurisdiction over Mr. Mack's claims in the instant case.[15] 28 U.S.C. § 1367(a). Fourth, the claims of the permissively joined

---

[12] *Compare Rosario Ortega*, 370 F.3d at 127 (noting the plaintiffs' complaint named "Star-Kist Foods, Inc. and its unnamed insurers as defendants"), *with* Rec. Doc. 1-3, Petition for Damages, ¶ 1 (listing Defendants as Mr. Avila and his employer, Cuban Cowboy Transport Inc., along with Knight Specialty Insurance Company, ABC Company, and XYZ Insurance Company).

[13] *Compare* La.Code Civ.P. art. 463 (Cumulation, plural plaintiffs or defendants) and art. 647 (Permissive joinder governed by rules of cumulation of actions), *with* Fed. R. Civ. P. 20 (Permissive Joinder of Parties).

[14] *Compare Rosario Ortega*, 370 F.3d at 127 (finding that the family members' claims did not independently meet the amount-in-controversy requirement), *with* Rec. Doc. 1-3, ¶ 15 ("Petitioner, Ms. Angelic Smith's amount in controversy does not exceed $75,000.00.").

[15] *See* Rec. Doc. 6-1, at 2 ("Here, there is no real dispute that the parties are completely diverse or that Mr. Mack's claims exceed $75,000."); *see also supra* n.7.

family members in both cases are, respectively, so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.[16] *Id.* Finally, in neither case did the plaintiffs joined under Rule 20 (or its state law equivalent) seek to join additional Rule 20 defendants. *See Allapattah Servs.*, 545 U.S. at 560.

Because there is no dispute as to the parties' diversity or that Mr. Mack's claims exceed the monetary threshold for the amount in controversy, the Court finds that it has original jurisdiction over his claims. 28 U.S.C. § 1332(a). And because Mrs. Smith was permissively joined in this action in accordance with Federal Rule of Civil Procedure 20, the Court shall exercise supplemental jurisdiction over her claims. 28 U.S.C. § 1367; *Allapattah Servs.*, 545 U.S. at 560 ("The natural, indeed the necessary, inference is that § 1367 confers supplemental jurisdiction over claims by Rule 20 and Rule 23 plaintiffs.").

Accordingly;

**IT IS ORDERED** that the **Motion to Remand to State Court (Rec. Doc. 6)** is **DENIED**.

January 29, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[16] *Compare Rosario Ortega*, 370 F.3d at 129 (describing the mother's claims, which were directly related to her daughter's injuries), *with* Rec. Doc. 1-3, ¶ 12 (listing the claims of Mr. Mack's wife, which are directly related to her husband's injuries).